IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JAMES LEON LINGO, III, : | |
| : | |
| Plaintiff : | |
| : | |
| VS. : | |
| : | CIVIL ACTION NO. 7:05-CV-18(HL) |
| Superintendent JAMES CAMON, Robert : | |
| L. Patten Detention Center,[1] : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| : | BEFORE THE U.S. MAGISTRATE JUDGE |
| Defendant : | |
| : | **RECOMMENDATION** |

Plaintiff **JAMES LEON LINGO III**, an inmate at the Robert L. Patten Detention Center in Lakeland, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. §1983 against the above-named defendant.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil

---

[1] In a letter dated April 8, 2005, plaintiff asks that the Court correct its docket to reflect that the defendant Superintendent's name is James Camon, not Robert Cardon. The Court has corrected its docket.

Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon* v. *King & Spalding***, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

### C. 42 U.S.C. § 1997e(e)

42 U.S.C. § 1997e(e) provides: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit Court of Appeals has held in an en banc decision that the physical injury requirement even applies to claims of a constitutional nature and must be more than *de minimis*. ***Harris v. Garner***, 190 F.3d 1279, 1286 (11th Cir. 2000).

## II. BACKGROUND

Plaintiff complains that he has been repeatedly exposed to second-hand smoke at the Robert L. Patten Detention Center ("RLPDC"), which has caused him to suffer chest pains, nose drainage, and a lack of sleep. Plaintiff appears to suggest that Superintendent Camon has not adequately enforced the prison's no-smoking policy.

Plaintiff also appears to allege that Superintendent Camon was deliberately indifferent to plaintiff's future safety when he told the inmates housed in plaintiff's dorm that a nonsmoking inmate was writing him complaining about the smoke, thereby angering the smoking inmates. Apparently plaintiff is one of only five inmates who does not smoke at the RLPDC.

As relief, plaintiff seeks damages and the removal of all tobacco products from the RLPDC.[2]

### III. DISCUSSION

#### A. Safety Claim

Plaintiff evidently alleges that Superintendent Camon has subjected plaintiff to risk of physical violence by telling the smoking inmates that a nonsmoking inmate complained about the smoke. Plaintiff, however, has not alleged that Camon singled plaintiff out for abuse by his fellow inmates nor has plaintiff alleged that he has been assaulted by other inmates. Therefore, plaintiff lacks standing to assert a claim for damages on this theory of liability because he has failed to allege that he suffered any injury. 42 U.S.C. § 1997e(e). In light of the above, it is **RECOMMENDED** that this claim be **DISMISSED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

#### B. Second-Hand Smoke Claim

Regarding plaintiff's second-hand smoke claim, in ***Helling v. McKinney***, 509 U.S. 25 (1993),

---

[2] The relief sought by plaintiff includes early release from prison. Release from prison is not available to plaintiff as relief under section 1983. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) (challenges to duration or fact of confinement, as opposed to conditions of confinement, are cognizable solely by petition for writ of habeas corpus).

the United States Supreme Court has held that prison officials may have a constitutional duty to protect inmates from high levels of environmental tobacco smoke. An inmate alleging a second-hand smoke claim must establish that the level of smoke in prison creates an unreasonable risk of serious damage to his future health. *Id.* at 35. The inmate must also show that the prison authorities knew of and manifested deliberate indifference towards the inmate's health problems. *Id.* at 32, 36.

Although it is not clear that plaintiff will ultimately prevail on the merits, the undersigned finds that plaintiff has made sufficient allegations to withstand the frivolity review. Based on the foregoing, the Court will, by separate order, allow plaintiff's second-hand smoke claim against **SUPERINTENDENT JAMES CAMON** to go forward.

**SO RECOMMENDED**, this 3rd day of May, 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE